**FILED**
**Oct 21, 2019**
**01:16 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **RICHARD SHIFLET,** | ) | **Docket Number: 2019-02-0247** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **EMCOR GROUP, INC., d/b/a** | ) | **State File Number: 73240-2018** |
| **CHEROKEE MILLWRIGHT, INC.** | ) | |
| **Employer,** | ) | |
| **and** | ) | |
| **AMERICAN CASUALTY COMPANY** | ) | **Judge Brian K. Addington** |
| **OF READING, PENNSYLVANIA,** | ) | |
| **Insurance Carrier.** | ) | |

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

This case came before the Court on October 21, 2019, and requires it to determine whether Richard Shiflet is entitled to temporary benefits and medical benefits, and whether he must undergo a neuropsychological examination at EMCOR's request.[1] Based on the record, the Court holds Mr. Shiflet is not entitled to temporary disability benefits but should return to Dr. William Fly to determine reasonable and necessary treatment options, and he is not required to undergo a neuropsychological examination at this time.

### Claim History

A metal beam fell on Mr. Shiflet's foot at work on September 18, 2018. He received emergency treatment and then came under orthopedist Dr. William Fly's care, who determined Mr. Shiflet suffered a fracture and extensive soft-tissue damage. After the fracture healed, Dr. Fly recommended Lyrica to decrease his pain. When Mr.

---

[1] The Court scheduled an in-person expedited hearing, but the Judge's unexpected illness caused its cancellation. Due to difficulty rescheduling, the Court informed the parties that it would make a decision on the record.

Shiflet's pain continued, Dr. Fly recommended injection therapy and a consultation with Dr. Bruce Fly for a possible nerve block.

Although Dr. Fly made the recommendation in December, EMCOR had not approved the consult when he saw Mr. Shiflet again in January 2019. Dr. Fly noted that Mr. Shiflet's problems might worsen because of the denial, and he mentioned for the first time that he might be experiencing early complex regional pain syndrome (CRPS). He re-requested the consult.

EMCOR eventually approved the consult. Dr. Bruce Fry administered the nerve block, which only provided two to three days of relief. Mr. Shiflet told Dr. William Fly during his February 2019 appointment that his pain was 10 out of 10. Dr. William Fly recommended another injection by Dr. Bruce Fly and a return appointment to see him.

During the March follow-up appointment, Dr. William Fry noted the second injection only provided two days of relief. He determined that Mr. Shiflet had CRPS type 1.[2] He placed him at maximum medical improvement (MMI), found he suffered fifteen-percent whole-body impairment from the work injury, and provided sedentary work restrictions. He instructed Mr. Shiflet to obtain a Lyrica prescription from his primary care provider, as he felt the prescription would be indefinite and he could not write it permanently.[3]

Mr. Shiflet's primary care provider could not provide the Lyrica prescription, so EMCOR sent him to FNP Benjamin Meeks, who works in Dr. Turney Williams's office. Dr. Williams's office stopped the Lyrica because of its side effects. Instead, Dr. Williams recommended a pain stimulator for which Mr. Shiflet needed a psychological consult and stated he had developed depression from his injury. He also found Mr. Shiflet was not at MMI.

EMCOR denied the pain stimulator and the psychological consult, agreeing only to provide Lyrica. It offered a panel of pain management physicians, but Mr. Shiflet refused to choose a physician.[4] Instead, he sought an independent examination at the Helen Ross McNabb Center, where Dr. Mamju Khanna found he was suffering from depression and anxiety related to work.

Similarly, EMCOR sought its own independent medical evaluation with Dr. Jeffrey Hazlewood, who stated Mr. Shiflet might have CRPS, but he needs a

---

[2] The American Medical Association's Guides to the Evaluation of Permanent Impairment requires a one-year diagnosis before a physician can confirm and rate CRPS.

[3] EMCOR paid temporary total disability benefits until April 29, 2019.

[4] Dr. Williams was not a panel physician.

neuropsychological examination to explore his complaints and CRPS diagnosis. EMCOR filed a motion to compel the neuropsychological examination with Dr. Sidney Alexander.

Mr. Shiflet filed a Request for Expedited Hearing seeking additional temporary total disability benefits, continued treatment with Dr. Williams, and a panel of physicians for depression. He argued that EMCOR refused to provide the requested benefits even though his providers now say he is not at MMI, and he needs a pain stimulator and treatment for depression. He argued that EMCOR's request for the neuropsychological examination by Dr. Alexander was merely "doctor-shopping."

EMCOR argued that Mr. Shiflet is at MMI and not entitled to additional temporary disability benefits. It asserted that Dr. William Fly only wanted him to see his primary care provider for the Lyrica. It moved to compel the neuropsychological examination based on Dr. Hazlewood's report.

### Findings of Fact and Conclusions of Law

Mr. Shiflet bears the burden of proof at all stages of his workers' compensation claim. *Buchanan v. Carlex Glass Co.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sept. 29, 2015). At an expedited hearing, a trial court may grant relief if the employee has met the burden of showing that he or she is likely to prevail at a hearing on the merits. *Id.* Here, Mr. Shiflet must show he is entitled temporarily temporary disability benefits and that his request for medical treatment is reasonable and necessary.

Concerning the request for temporary disability benefits, Mr. Shiflet affirmed EMCOR paid him through April 29, 2019. Dr. Fly, the panel physician, placed him at MMI in March 2019. Temporary total disability benefits are terminated when an employee reaches MMI. *Cleek v. Wal-Mart Stores, Inc.,* 19 S.W.3d 770, 776 (Tenn. 2000). Dr. William Fly, the panel physician, placed Mr. Shiflet at MMI, and EMCOR paid Mr. Shiflet temporary benefits well after that determination. Mr. Shiflet has not presented sufficient evidence that he is likely to succeed at a hearing on the merits concerning temporary total disability benefits.

As for the requested medical benefits, Mr. Shiflet has not recently seen the panel physician, Dr. William Fly, who only recommended an indefinite Lyrica prescription. Later authorized providers, not selected from a panel, discontinued that medication and recommended additional treatment for pain and depression they relate to his injury. EMCOR denied the recommendations but offered a pain management panel, which Mr. Shiflet refused.

The Workers' Compensation Law provides that a panel physician must make a referral for psychological or psychiatric services. Tenn. Code Ann. § 50-6-204(h) (2019).

Dr. William Fly never made this referral. Also, it has been months since he has seen Mr. Shiflet, and he has not considered the additional treatment recommendations that later authorized providers and Dr. Khanna made. Considering the extent of these recommendations versus Dr. William Fly's proposed Lyrica prescription, the Court finds it reasonable for Mr. Shiflet to return to Dr. William Fly for further evaluation. Thus, the Court holds that Mr. Shiflet shall return to him.

Finally, concerning EMCOR's motion to compel Mr. Shiflet to attend a neuropsychological examination, Dr. Hazlewood thinks Mr. Shiflet might have CRPS, but he would need this exam to rule out the condition. The Court finds this issue premature, as Mr. Shiflet's CRPS diagnosis is less than a year old, and he has had no follow up with Dr. William Fly to confirm the diagnosis.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Mr. Shiflet's request for temporary and medical benefits is denied at this time.

2. EMCOR's motion to compel is denied at this time.

3. EMCOR shall make an appointment with Dr. William Fly to address Mr. Shiflet's complaints and other provider's recommendations. Should Dr. Fly refuse to see Mr. Shiflet, EMCOR shall provide Mr. Shiflet a panel of orthopedists.

4. This case is set for a Status Conference on January 6, 2020, at 11:00 a.m. Eastern Time. The parties shall call 855-543-5044 to participate. Failure to call at the scheduled time might result in a determination of issues without the party's participation.

**ENTERED October 21, 2019.**

/S/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Appendix**

**Exhibits:**
1. Mr. Shiflet's Affidavit
2. Ms. Stacy Baisden's Affidavit
3. Separation Notice

4

4. Physician Panel
5. Smyth Co. Community Hospital Medical Records
6. Lakeway Regional Hospital Medical Records
7. Ortho Tennessee/Dr. William Fly Medical Records
8. Final Medical Report
9. Rural Health Services/Leslie Elliott, FNP Medical Records
10. Pain Medicine Associates Medical Records
11. Dr. Jeffrey Hazlewood Medical Records
12. Helen Ross McNabb Center, Inc. Medical Records
13. Hamblen Co. Clinic Medical Records
14. Emails between Sedgwick and Pain Management Associates
15. Text messages

**Technical Record:**
1. Request for Expedited Hearing
2. Petition for Benefit Determination
3. Dispute Certification Notice
4. ER's Pre Hearing Statement
5. Supplement to the Position Statement of Employee
6. Employer's Supplemental Brief

## CERTIFICATE OF SERVICE

I certify a copy of this Order was sent as indicated on October 21 , 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Phillip Boyd, Employee's Attorney | | | X | lisa@boydlawoffice.net |
| Allen Grant, Employer's Attorney | | | X | agrant@eraclides.com |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee**
_____

v.

_____
**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                                                          RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support     $ _____ per month

Car     $ _____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)        RDA 11082